**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

THE INFOSOFT GROUP, INC. D/B/A
LOCALJOBNETWORK.COM,

       Plaintiff,

   v.                                                   Case No. _____

DIRECTEMPLOYERS ASSOCIATION, INC.

       Defendant.

**COMPLAINT**

Plaintiff, The Infosoft Group Inc. ("Infosoft"), by its attorneys, Quarles & Brady LLP, for its Complaint against DirectEmployers Association Inc. ("Defendant") alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for false advertising and unfair competition under federal law and related Wisconsin state law claims. It arises from a false and misleading advertisement being disseminated by Defendant. Infosoft seeks and is entitled to compensation for damages resulting from harm caused by the comparative advertisement, and requests that Defendant be enjoined from transmission of the comparative advertisement or similar future false and misleading advertisements.

**THE PARTIES**

2. Plaintiff, The Infosoft Group Inc. d/b/a localjobnetwork.com, is a Wisconsin corporation with its principal place of business at 1000 N. Water Street, Suite 1100, Milwaukee, Wisconsin, 53202.

1

3. Defendant, DirectEmployers Association, Inc. d/b/a DirectEmployers, is an Indiana non-profit corporation with its principal place of business at 9002 N. Purdue Road, Quad III, Suite 100, Indianapolis, Indiana, 46268.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action because (a) this is a civil action arising under the laws of the United States, including an Act of Congress relating to trademarks and unfair competition (Lanham Act) pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121; (b) there is complete diversity of the parties and the amount in dispute exceeds $75,000 exclusive of interests and costs, jurisdiction being conferred pursuant to 28 U.S.C. § 1332; and (c) certain claims are pendent to substantial and related claims, jurisdiction being conferred pursuant to 28 U.S.C. § 1367(a).

5. The Court has personal jurisdiction over Defendant under Wisconsin's long-arm statute, Wis. Stat. § 801.05, because, on information and belief, Defendant conducts substantial and not isolated business activities in the State of Wisconsin and this judicial district. Additionally, Defendant has caused injuries to persons and/or property within this state, arising out of acts and omissions outside this State, all while carrying on solicitation and service activities within this State.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Venue is proper in the Eastern District of Wisconsin because Infosoft's claims arose from actions within this district.

## FACTUAL BACKGROUND

7. Infosoft is a leader in providing Office of Federal Contractor Compliance Programs (OFCCP) and Vietnam Era Veterans' Readjustment Assistant Act (VEVRAA) compliant job posting services.

8. The OFCCP, within the U.S. Department of Labor (DOL), is a government agency that exists, among other things, to enforce for the benefit of job seekers and wage earners the contractual promise of affirmative action and equal employment opportunity required of those who do business with the Federal government.

9. In carrying out its responsibilities, among other things, the OFCCP (1) offers assistance to federal contractors to help them understand the regulatory requirements and review process, (2) conducts compliance evaluations and compliance investigations of the federal contractors, (3) monitors the terms of federal contractor agreements through periodic compliance reports, and (4) forms linkage agreements between federal contractors and the DOL job training programs to help employers identify and recruit qualified workers.

10. Moreover, the OFCCP enforces the affirmative action and mandatory job-listing provisions of VEVRAA.

11. The VEVRAA, enacted in 1974, requires covered federal government contractors and subcontractors (1) to take affirmative action to employ and advance in employment specified categories of veterans protected by the Act and prohibits discrimination against such veterans, (2) to list their employment openings with the appropriate employment service delivery system, and that covered veterans receive priority in referral to such openings, and (3) to compile and submit annually a report on the number of current employees who are covered veterans.

12. The DOL's Veterans' Employment and Training Service (VETS) administers the veterans' employment reporting requirement.

13. Infosoft's primary customers are federal contractors, interested in distributing employment postings to local state employment services, and complying with all OFCCP/VEVRAA requirements.

14. Infosoft complies with all OFCCP/VEVRAA requirements in order to enable federal contractors to successfully complete OFCCP audits.

15. On information and belief, Defendant is a direct competitor of Infosoft in the OFCCP/VEVRAA compliant job posting industry.

## Defendant's Comparative Advertisements

16. On information and belief, Defendant created and began circulating a comparative advertisement that contained false and misleading information about Infosoft (the "First Marketing Piece") about 18 months ago (attached hereto as **Exhibit A**).

17. Infosoft contacted Defendant regarding the false and misleading nature of the First Marketing Piece and Defendant allegedly ceased its circulation.

18. Despite the knowledge of the falsity and misleading nature of statements in the First Marketing Piece, Defendant issued a second comparative advertisement (the "Second Marketing Piece") (attached hereto as **Exhibit B**).

19. Both the First and the Second Marketing Pieces purport to compare services offered by Defendant and Infosoft.

20. The Second Marketing Piece is very similar in content to the First Marketing Piece, and contains similar false and misleading/deceptive statements.

21. Infosoft was notified or otherwise became aware of the Second Marketing Piece on or around January of 2015.

22. On information and belief, the Second Marketing Piece was distributed by Defendant to Infosoft's current and prospective customers.

23. Infosoft contacted Defendant regarding the falsity of the Second Marketing Piece, but Defendant has not ceased its circulation.

**The Second Marketing Piece Contains False and/or Misleading Statements**

24. Numerous statements in the Second Marketing Piece are literally false. For example:

   a. Defendant's claim that Infosoft's pricing is dependent upon new or existing account status is literally false.

   b. Defendant's claim that Infosoft's service level support does not enable Infosoft to answer questions and offer advice is literally false.

   c. Defendant's claim that Infosoft has not had the opportunity to meet with the OFCCP and demonstrate Infosoft's compliance deliverable is literally false.

   d. Defendant's claim that Infosoft has limited technological capability to append source codes is literally false.

25. Numerous statements in the Second Marketing Piece are, at best, misleading. For example:

   a. Defendant's claim that Infosoft does not have any signed agreements with any states permitting Infosoft to transmit jobs on behalf of a company is misleading in that it implies that a signed agreement with the states is required in order to work on behalf of federal contractors (when no such agreement is required).

b. Defendant's claim that Infosoft does not have a signed agreement with National Association of State Workforce Agencies (NASWA) is misleading in that it implies that a signed agreement is required to work on behalf of federal contractors (when no such agreement is required).

c. Defendant's claim that Infosoft does not participate in NLx is misleading in that it implies that participation in NLx is necessary in order to meet a government mandated requirement (when no such participation is necessary).

26. In addition to these examples, the Second Marketing Piece contains numerous other examples of false and/or misleading statements.

27. In making these recklessly false statements, Defendant is attempting to tarnish and defame Infosoft, harming its current business relationships and contracts as well as prospective contracts or engagements with other potential customers in Wisconsin and elsewhere.

28. Upon information and belief, Infosoft customers have been actually confused as a result of the false and/or misleading statements contained in the Second Marketing Piece.

## COUNT I
## FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT
## Lanham Act §43 (15 U.S.C. § 1125)

29. Infosoft re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

30. Infosoft and Defendant are direct competitors, and at the very least, Infosoft's interest in the advertisement in question falls within the zone of interests protected by Section 43 of the Lanham Act (15 U.S.C. § 1125).

31. The Second Marketing Piece is false, misleading and deceptive.

6

32. The Second Marketing Piece has or is likely to deceive a substantial segment of its audience, which includes customers and prospective customers of Infosoft.

33. The Second Marketing Piece has or is likely to influence the purchasing decisions of a substantial segment of its audience.

34. Defendant has caused the Second Marketing Piece's false and misleading statements to enter interstate commerce.

35. As a result of Defendant's Second Marketing Piece, Infosoft has and will continue to suffer damages and irreparable harm for which it has no adequate remedy at law and such damages and harm are injuries that will be proximately caused by the dissemination of the advertisement.

36. Defendant's Second Marketing Piece and its continued dissemination constitutes a violation of 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act.

37. Because Defendant invented the statements in the advertisement, and as a result of Defendant's participation in the parties' previous discussion regarding a similar advertisement, they know such statements to be false.

38. The false statements in Defendant's Second Marketing Piece were made maliciously, wantonly, willfully and with reckless disregard of Infosoft's rights, with knowledge of their false and misleading nature, and with the intent to harm Infosoft.

## COUNT II
## UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT
### Lanham Act §43 (15 U.S.C. § 1125)

39. Infosoft re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

40. Defendant's Second Marketing Piece contains materially false and misleading statements.

41. Such materially false statements have caused and are likely to continue to cause confusion, mistake, or deception as to the origin, sponsorship or approval of the nature of the services offered by Infosoft.

42. Defendant knows, or has reason to know, that its statements regarding the nature of Infosoft's services are false.

43. Defendant, therefore, has willfully made these false statements in the Second Marketing Piece in interstate commerce so as to cause confusion or mistake among the public as to the origin, sponsorship or approval of Infosoft's services, all to Defendant's profit and the public's, Infosoft's, and Infosoft's customers' damage.

44. Defendant's actions set forth above constitute use of false descriptions and false representations in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(A).

45. Defendant's actions set forth above have caused, and will continue to cause, damage to Infosoft in an amount to be determined at trial.

46. Defendant's actions set forth above have unjustly enriched the Defendant by damaging Infosoft, a direct competitor.

47. Defendant's actions set forth above are causing irreparable harm to Infosoft for which there is no adequate remedy at law.

## COUNT III
## DEFAMATION AND PRODUCT DISPARAGEMENT

48. Infosoft re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

8

49. Defendant has distributed and caused to be distributed the Second Marketing Piece which contains false and *per se* disparaging and libelous statements concerning Infosoft.

50. Because Defendant completely invented these false statements, and from the parties' previous dealings, Defendant had knowledge that the statements were false and libelous.

51. The false statements were disseminated and intended to be communicated by Defendant to third persons, including Infosoft's existing and prospective customers.

52. The false statements made by Defendant in the Second Marketing Piece were made maliciously, wantonly, willfully and with reckless disregard of Infosoft's rights, with knowledge of their false and misleading nature, and with the intent to harm Infosoft.

## COUNT IV
## FALSE ADVERTISING
## Violation of Wis. Stat. § 100.18

53. Infosoft re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

54. Defendant's actions alleged above, including without limitation, the written Second Marketing Piece, constitute an advertisement, announcement, statement or representation to the public relating to the purchase of services, containing an untrue, deceptive, or misleading representation.

55. The statements and representations made to customers and prospective customers by Defendant constitute violations of Wis. Stat. §100.18.

56. As a result of Defendant's violation of Wis. Stat. §100.18, Infosoft will suffer pecuniary loss, as well as irreparable harm for which it has no adequate remedy at law.

57. Pursuant to Wis. Stat. §100.18(11)(b)(2), Infosoft is entitled to recover its pecuniary loss, costs, and reasonable attorneys' fees from Defendant.

## COUNT V
## STATE AND COMMON LAW UNFAIR COMPETITION

58. Infosoft re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

59. Defendant's foregoing conduct constitutes an unfair method of competition in violation of Wisconsin's common law.

60. Unless the Court enjoins Defendant from employing such unfair methods, Infosoft will suffer irreparable harm for which it has no adequate remedy at law.

## COUNT VI
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

61. Infosoft re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

62. Upon information and belief, Defendant disseminated to Infosoft's existing and prospective customers, including customers in the State of Wisconsin, statements regarding Infosoft, knowing that the statements are false and misleading.

63. Upon information and belief, Defendant has knowledge of the current and prospective relationships these entities have with Infosoft, including customers in the State of Wisconsin.

64. Upon information and belief, Defendant's actions are intentional and motivated by a desire to interfere with and/or terminate Infosoft's business relationships with the recipients of the information.

65. Defendant has no privilege or justification to interfere in Infosoft's relationship with its customers in this manner.

66. As a result of Defendant's actions, Infosoft suffered and will continue to suffer damages, as well as irreparable harm for which there is no adequate remedy at law.

67. The false statements made by Defendant's Second Marketing Piece were made maliciously, wantonly, willfully and with reckless disregard of Infosoft's rights, with knowledge of their false and misleading nature, and with the intent to harm Infosoft and cause various and specific Infosoft contracts and business relationships to be interfered with.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Infosoft Group, Inc. respectfully requests judgment and relief against Defendant as follows:

A. A permanent injunction prohibiting the further dissemination or use of the Second Marketing Piece and/or any similar advertisement or materials containing or making the same or similar false and misleading statements;

B. Compensatory damages, in an amount to be determined by the trier of fact, for all harm Infosoft has suffered or will suffer as a result of Defendant's actions, including and without limitation, lost sales revenues or royalties, cost of corrective advertising and other actual damages;

C. An award of damages pursuant to 15 U.S.C. § 1117(a) to Infosoft including prejudgment and post-judgment interest, in an amount adequate to compensate for Defendant's false and misleading statements about Infosoft**;**

D. Defendant's profits earned from its use of the false advertisement pursuant to 15 U.S.C. § 1117(a);

E. Treble damages as provided under 15 U.S.C. § 1117(a);

F. Disgorgement of all moneys realized by Defendant from customers going to them or others because of Defendant's false statements in the Second Marketing Piece;

G. Infosoft's actual costs and attorneys' fees as provided under the Lanham Act, 15 U.S.C. §§ 1117 and 1125(a);

H. Infosoft's pecuniary loss as well as its actual costs and attorneys' fees, all as provided for under Wis. Stat. § 100.18;

I. An order that Defendant be directed to file with the Court and serve on Infosoft, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

J. General and presumed damages for the harm to Infosoft's reputation and goodwill and the harm to the reputation of Infosoft's services from the Defendant's defamation of Infosoft and disparagement of Infosoft's services and business practices; and,

K. Such other and further relief as the Court deems necessary and just.

Dated this 24th day of February, 2015.

/s/ Johanna M. Wilbert
Johanna M. Wilbert
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4497
Telephone: 414-277-5000
Fax: 414-978-8942
E-mail: johanna.wilbert@quarles.com

*Attorneys for Plaintiff, Infosoft Group, Inc.*